IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

NORTHERN DIVISION

| | |
|---|---|
| CAROL-ANN FULLER, individually and as representative of a class of persons who are similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>NATIONWIDE INSURANCE COMPANY,<br><br>Defendant. | MEMORANDUM DECISION AND ORDER GRANTING DEFENDANT'S MOTION TO DISMISS FIRST AMENDED COMPLAINT<br><br><br><br>Case No. 1:08-CV-129 TS |

This matter is before the Court on Defendant Nationwide Insurance Company's Motion to Dismiss. For the reasons discussed below, the Motion will be granted.

I. BACKGROUND

Ms. Pat Shropshire purchased an annuity contract from Nationwide on September 7, 2001, for $175,661. The Shropshire contract ("contract") included a death benefit payable to beneficiaries designated by Shropshire. The contract provided for six beneficiaries. Plaintiff's share as a beneficiary was 20%. Shropshire died on February 1, 2002, just under five months after purchasing the contract. On June 10, 2002, one of the six beneficiaries, Mr. Ferrin, filed a claim with Nationwide to receive death benefits under the contract. Ferrin attached a copy of the

1

death certificate to the claim as proof of Shropshire's death.  Defendant accepted the death certificate as verification and paid Ferrin's claim on June 11, 2002.

As a result of Ferrin's claim, Defendant used June 10, 2002, the date Defendant was first notified of Shropshire's death, as the Valuation Date for all six beneficiaries.  The value of the contract on June 10, 2002, was the same amount Shropshire had paid for the contract, $175,661.[1]  Defendant paid Plaintiff $34,329 on June 28, 2002, just one day after Plaintiff submitted her death benefit claim.

Plaintiff filed this action on June 27, 2008, one day before the expiration of the six-year statute of limitations set out in Utah Code Ann. § 78B-2-309, claiming that Defendant shorted her $803, failed to pay her the 5% Death Benefit Rider, and improperly charged premiums and fees after the Valuation Date.  Stemming from these events, Plaintiff asserts claims for breach of contract and breach of the implied covenant of good faith and fair dealing.  She also requests to certify a class action against Defendant.

Defendant filed this Motion to Dismiss asserting that Plaintiff's claims are barred by the three-year statute of limitations in Utah Code Ann. § 31A-21-313, because the annuity contract is a first-party contract.  Plaintiff refutes Defendant's position claiming that the annuity contract is covered by the general six-year statute because the contract is a third-party contract.

---

[1] The market value of the contract had actually declined as of the Valuation Date requiring Nationwide to supplement the contract to match the amount paid by Shropshire. *See Quinn v. Nationwide Ins. Co.*, 281 Fed.Appx. 771, 774, 2008 WL 2265255 (10th Cir. 2008).

## II.  STANDARD

Both parties refer to matters outside the pleadings.  Therefore it is appropriate to treat this as a motion for summary judgment.

Summary judgment is proper if the moving party can demonstrate that there is no genuine issue of material fact and it is entitled to judgment as a matter of law.[2]  In considering whether genuine issues of material fact exist, the Court determines whether a reasonable jury could return a verdict for the nonmoving party in the face of all the evidence presented.[3]  The Court is required to construe all facts and reasonable inferences in the light most favorable to the nonmoving party.[4]

## III.  DISCUSSION

The dispositive issue in this matter is whether the contract is a first-party or third-party insurance contract.  If the contract is a first-party contract, the three-year statute of limitations applies.[5]  If, however, the contract is a third-party contract, the general six-year statute of limitations will apply.[6]  If the three-year statute of limitations applies, the Court must decide the further issue of whether or not that limitations period should be equitably tolled.

---

[2] *See* Fed. R. Civ. P. 56(c).

[3] *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986); *Clifton v. Craig*, 924 F.2d 182, 183 (10th Cir. 1991).

[4] *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Wright v. Southwestern Bell Tel. Co.*, 925 F.2d 1288, 1292 (10th Cir. 1991).

[5] *See* Utah Code Ann. § 31A-21-313.

[6] *See id.* § 78B-2-309.

A. THE PROPER STATUE OF LIMITATIONS

The Utah statute providing for a three-year statute reads in part: "An action on a written policy or contract of first party insurance must be commenced within three years after the inception of the loss."[7] Defendant argues that the definitions of first and third parties in *Beck v. Farmers Insurance Exchange*[8] and *Tucker v. State Farm Mutual Automobile Insurance Company*[9] are controlling.

In *Beck*, the Utah Supreme Court held that a first-party relationship between an insurer and its insured is contractual rather than fiduciary in nature and that any action is in contract not in tort.[10] In a footnote, the court in *Beck* made a distinction between first-party and third-party insurance contracts:

> We use the term "first-party" to refer to an insurance agreement where the insurer agrees to pay claims submitted to it by the insured for losses suffered by the insured. . . . In contrast, a "third-party" situation is one where the insurer contracts to defend the insured against claims made by third parties against the insured and to pay any resulting liability, up to the specified dollar limit.[11]

In *Tucker*, the Tuckers sued their insurance company, State Farm, under personal injury protection provisions ("PIP") of the Tuckers' insurance policy with State Farm. The Utah Supreme Court re-affirmed its definition of first-party and third-party contracts from *Beck*.[12] The

---

[7]*Id*. § 31A-21-313(1).

[8]701 P.2d 795 (Utah 1985).

[9]53 P.3d 947 (Utah 2002).

[10]*Beck*, 701 P.2d at 800.

[11]*Id*. at 799 n. 2

[12]*Tucker*, 53 P.3d at 951.

court did this while specifically discussing the statute in question, Utah Code Ann. § 31A-21-313. The court stated:

> Under the PIP provision of the Tucker's insurance policy, State Farm has no obligation to defend the Tuckers against claims made by third parties. Rather, State Farm's only obligation under the PIP provisions is to pay claims submitted by the Tuckers for losses suffered by the Tuckers within specified parameters. Thus, in accordance without our definition of "first-party' in *Beck*, the Tuckers and State Farm have a first-party relationship.[13]

Other authorities support this distinction between first-party and third-party insurance agreements.[14]

Plaintiff argues that the contract at issue here is a third-party contract because the beneficiaries are third-party beneficiaries as defined by the Utah Supreme Court in *Broadwater v. Old Republic Surety*.[15] In *Broadwater*, the Utah Supreme Court stated: "Third-party beneficiaries are those 'recognized as having enforceable rights created in them by a contract which they are not parties for which they give no consideration.'"[16]

Based on the fact that she is a third-party beneficiary, Plaintiff argues that the contract is a third-party contract. However, Plaintiff ignores the distinction between first-party and third-

---

[13] *Id.* (citation omitted).

[14] *See* Black's Law Dictionary 804 (7th ed. 1999) (defining "first-party insurance" as "[a] policy that applies to oneself or one's own property, such as life insurance, health insurance, disability insurance, and fire insurance"); 1 Envtl. Ins. Litig.: L. & Prac. § 2:2 (2008) (stating "a first party claim is made by an insured against an insurer for damage to property or person" and a "third party claim is made by a claimant against the insured for damages allegedly caused by the insured"); 14 Couch on Ins. § 198:3 (stating "'[f]irst-party' insurance is a contract between the insurer and the insured to protect the insured from its own actual losses and expenses" and "'[t]hird-party' insurance is a contract to protect the insured from losses resulting from actual or potential liability to a third party").

[15] 854 P.2d 527 (Utah 1993).

[16] *Id.* at 536 (quoting *Rio Algom Corp. v. Jimco, Ltd.*, 618 P.2d 497, 506 (Utah 1980)).

party contracts created in the statue and defined by the courts.  The fact that Plaintiff may be a third-party beneficiary does not somehow transform the contract from a first-party to a third-party contract.

Fuller further seeks to distinguish *Tucker* and *Beck* noting that neither case deals with annuity death benefits.  While this is true, Defendant has provided authority that life insurance contracts constitute first-party contracts.[17]  Further, both *Tucker* and *Beck* address first-party contracts, which is the type of contract at issue here.

Reading *Tucker* and *Beck,* together with Utah Code Ann. § 31A-21-313, the Court finds that the contract at issue here is a first-party insurance contract.  This is not a situation where the insurer contracts to defend the insured against claims made by third parties against the insured and to pay any resulting liability.  Therefore, the three-year statute of limitations contained in § 31A-21-313 is applicable.

B.      EQUITABLE DISCOVERY

As set forth above, Utah Code Ann. § 31A-21-313, provides that "[a]n action on a written policy or contract of first party insurance must be commenced within three years after the inception of the loss."  "The 'inception of the loss' refers to the time when the loss was first incurred or began to accrue."[18]  In this case, the three-year limitations period begins to run when Defendant allegedly breached the contract by first refusing to pay Plaintiff's claim, in part of in

---

[17]*See Santilli v. State Farm Life Ins. Co.*, 562 P.2d 965, 969 (Or. 1977); *see also* Black's Law Dictionary 804 (7th ed. 1999) (defining "first-party insurance" as "[a] policy that applies to oneself or one's own property, such as life insurance, health insurance, disability insurance, and fire insurance").

[18]*Tucker*, 53 P.3d at 952.

full.[19] The time of breach would be when Defendant paid Plaintiff in late June or early July of 2002.[20]

Plaintiff argues that the equitable discovery should toll the statute of limitations here. The Utah Supreme Court has recently described the equitable discovery rule as follows:

> The equitable discovery rule operates to toll a statute of limitations until the time at which a party discovered or reasonably should have discovered facts forming the basis for the cause of action. There are two versions of the rule: (1) the concealment version, requiring the plaintiff to show that he did not know about the events giving rise to his claim due to the defendant's concealment or misleading conduct, and (2) the exceptional circumstances version, requiring the plaintiff to show the existence of exceptional circumstances such that the application of the general statute of limitations would be irrational or unjust.[21]

Plaintiff argues that the earliest she could have discovered that she did not receive the full guaranteed death benefit amount would have been on October 31, 2006, when Defendant's designated representative was deposed in another case.

Plaintiff's argument is unconvincing. Plaintiff was on notice of Defendant's alleged deficient payment at the time the payment was made in June or July of 2005. Further, Plaintiff was put on notice when other third-party beneficiaries brought suit against Defendant alleging that Defendant failed to pay and underpaid death benefits in January 2005.[22] Indeed, Plaintiff

---

[19]*See id.* (stating that inception of the loss occurred when insurance company refused to pay disputed benefits).

[20]Defendant claims that Plaintiff was paid on June 28, 2002. Plaintiff disputes that Defendant paid her on June 28, 2002; she claims the payment was not made until on or about July 8, 2002. However, Plaintiff's First Amended Complaint uses the date of June 28, 2002. This dispute does not alter the determination of this issue.

[21]*Ockey v. Lehmer*, 189 P.3d 51, 60 (Utah 2008) (quotation marks and citations omitted).

[22]*Quinn, et al. v. Morgan Stanley, et al.*, 2:05-CV-180 PGC.

attempted to join that suit.[23]  Thus, at the latest, it would appear that Plaintiff knew or should have known of facts forming the basis for the cause of action by January 2005.  There is no evidence that Defendant concealed facts or mislead Plaintiff.  Nor is there any evidence of exceptional circumstances.  Thus, the equitable discovery rule does not apply and the statute of limitations has run.

## IV.  CONCLUSION

It is therefore

ORDERED that Defendant's Motion to Dismiss (Docket No. 17) is GRANTED.  The hearing set for March 19, 2009, is STRICKEN.  The Clerk of the Court is directed to close this case forthwith.

DATED   March 16, 2009.

BY THE COURT:

_____
TED STEWART
United States District Judge

---

[23] *Id*. Docket No. 221.